UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BONITA CLARK MURPHY,

    Plaintiff,                                      Case Numbers: 03-145, 04-103

v.                                                   Hon. Arthur J. Tarnow
                                                     Magistrate Judge: Ellen S. Carmody
LEE GILMAN, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY AND EXPERT WITNESS FEES AND COSTS [DE 303]

Before the Court is Plaintiff's motion for attorney fees and expert witness fees [DE 303 in case no. 03-145, DE 143 in case no. 04-103]. Magistrate Judge Carmody held a hearing on this motion on March 6, 2008, and issued a Report and Recommendation [DE 351/191] on March 13, 2008. Both Plaintiff and Defendants filed timely objections.

The Court's analysis and disposition follow.

### I. INTRODUCTION

In this prisoner civil rights case, Plaintiff is the personal representative of Jeffrey Clark. Mr. Clark died of dehydration in July 2002, while incarcerated in the Bellamy Creek Correctional Facility of the Michigan Department of Corrections. Plaintiff brought suit in March 2003 against twenty-three defendants. Claims were brought under the Eighth and Fourteenth Amendments to the Constitution, in addition to state claims of gross negligence, battery, and intentional infliction of emotional distress.

The case was tried before a jury starting on April 17, 2007, against eleven defendants remaining after dismissal several defendants, voluntary withdrawal of the battery claim, and an appeal to the Sixth Circuit. As the Report and Recommendation ("R&R") notes,

> [t]he jury arrived at a verdict on May 4, 2007. (Dkt. #301). The jury determined that Defendants Harvey and Fox were deliberately indifferent to Clark's serious medical needs in violation of his rights under the Eighth Amendment. As for Plaintiff's state

> law claims, the jury found that Defendants Harvey, Bayne, Stout, and Fox were grossly negligent and that Defendant Harvey intentionally inflicted emotional distress on Clark. The jury determined that Plaintiff suffered $250,000 in actual damages and, furthermore, awarded Plaintiff $2,500,000 in punitive damages. Plaintiff's counsel brings the present action seeking $177,382.90 in costs and $828,900 in attorneys fees.

Report and Recommendation, docket entry 351, 2-3.

Plaintiff filed her motion for attorney fees on May 14, 2007.

## II. ANALYSIS

The Court has reviewed the pleadings, the Report and Recommendation, and the objections, as well as the record overall. The Court agrees with the Magistrate Judge's analysis as to the applicability of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e; the failure of the Plaintiff to satisfy her burden as to expert fees; and the total amount of attorney fees. Accordingly, the R&R is adopted as the findings and conclusions of the Court, with one exception.

The Court rejects the portion of the R&R that recommends that twenty-five per cent of the judgment be applied to attorney fees, pursuant to 42 U.S.C. § 1997e(d)(2). Section 1997e actually states

> Whenever a monetary judgment is awarded in an action described in paragraph (1) [actions brought by prisoners], a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

42 U.S.C.A. § 1997e(d)(2). As this Court previously observed,

> The relevant portion of the PLRA allows for a portion of the plaintiff's judgment, not exceeding 25%, to be applied to satisfy the payment of attorney's fees. The statute does not provide courts with guidance for determining the percentage to be applied.

*Siggers-El v. Barlow*, 433 F.Supp.2d 811, 822 (E.D.Mich. 2006).

The question is whether courts have discretion to determine the size of the "portion" of the judgment. *Compare Farella v. Hockaday*, 304 F.Supp.2d 1076, 1081 (C.D.Ill. 2004) (holding that

*Clark-Murphy v. Gillman*
Case Nos. 03-145, 04-103

1997e(d)(2)'s "plain language sets forth 25% as the maximum, not the mandatory amount," and shifting 10% of the judgment to the attorney fee award) *to Jackson v. Austin*, 267 F.Supp.2d 1059, 1071 (D.Kan. 2003) (observing that "[t]he statute is not a model of clarity," but holding that the judgment is to be automatically applied to an award of attorney fees).

In *Siggers-El*, this Court ordered that $1 of the judgment be applied to attorney fees. 433 F.Supp.2d at 823. *Accord Morrison v. Davis*, 88 F.Supp.2d 799, 811 (S.D.Ohio 2000) ("In light of the facts of this case, the constitutional rights implicated, and the jury's clear signal that the Defendants should be punished, the Court finds that a $1 assessment against the judgment is within its discretion under § 1997e(d)(2)."). The Court finds the same circumstances to be present here.

The R&R quotes *Riley v. Kurtz*, *supra*, which said

> Subsection (2) of this portion of the PLRA has been interpreted to mean that an attorney's compensation comes first from the damages (up to 25 percent), and then, if inadequate, the defendant is liable for attorney's fees under § 1988 up to 150 percent of the money judgment.

*Riley v. Kurtz*, 361 F.3d 906, 911 (6th Cir. 2004) (citing *Johnson v. Daley*, 339 F.3d 582, 585 (7th Cir.2003) (*en banc*), *cert denied,* 541 U.S. 935, 124 S.Ct. 1654, 158 L.Ed.2d 354 (2004); *Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001), *cert. denied*, 535 U.S. 1095, 122 S.Ct. 2291, 152 L.Ed.2d 1050 (2002)).

However, the statements addressing the fee-shifting provision in both Sixth Circuit cases, *Riley* and *Walker*, meet the "long-held standard" described in *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006), that

> [q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.

*Id*. (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 559 (6th Cir. 2004) (internal citations omitted)).

Similarly, although both *Walker* and *Riley* observe in passing a possible interpretation of

3

section 1997e's fee shifting provision, neither case raised the statute's ambiguity to the attention of the Sixth Circuit, nor was it expressly ruled upon. Other circuits define non-binding *dictum* as

> a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding– that, being peripheral, may not have received the full and careful consideration of the court that uttered it.

*In re McDonald*, 205 F.3d 606, 612 (3rd Cir. 2000) (quoting *Sarnoff v. American Home Prods. Corp.*, 798 F.2d 1075, 1084 (7th Cir.1986)). The Court finds that *Walker* and *Riley*'s statements on the fee-shifting provision of section 1997e are *dicta*, and therefore lack precedential value. *See United States v. Burroughs*, 5 F.3d 192, 194 (6th Cir. 1993).

Both parties have objected to the Report and Recommendation. Defendants challenge the R&R's finding that the hours requested by Plaintiff are not excessive. They cite *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 575 (1992), which held that "[w]here recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Id*. (citation omitted; alteration in original).

However, *Farrar* is distinguishable. Its analysis relies on the fact that its plaintiff prevailed, but received only nominal damages. *See id.* at 116 (O'Connor, J., concurring) ("[Plaintiff] filed a lawsuit demanding 17 million dollars from six defendants. After 10 years of litigation and two trips to the Court of Appeals, he got one dollar from one defendant."). *Accord Cramblit v. Fikse*, 33 F.3d 633, 635-36 (6th Cir. 1994) ("As the award of nominal damages in this case indicates that Cramblit failed to prove actual, compensable injury, an essential element of her claim for monetary relief, the district court did not abuse its discretion in finding that a reasonable attorney's fee was no fee at all.").

Plaintiff here demanded several million more than she received. However, a jury award of $2.75 million is hardly nominal damages. Plaintiff's requested hours are not excessive.

*Clark-Murphy v. Gillman*
Case Nos. 03-145, 04-103

Plaintiff's sole objection to the R&R was its finding that the PLRA applied to this case. This Court considers the R&R's reasoning on this issue to be complete and correct.

### III.  CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED Plaintiff's motion for costs is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's petition for attorney's fees is GRANTED in part and DENIED in part;

IT IS FURTHER ORDERED that Defendant shall pay Plaintiff $10,712.34 in costs, and $205,814.38 in attorney's fees; and

IT IS FURTHER ORDERED that $1 in attorney's fees shall be satisfied from the judgment.

SO ORDERED.


DATED:  May 20, 2008                     /s/ Arthur J. Tarnow
                                         ARTHUR J. TARNOW
                                         UNITED STATES DISTRICT JUDGE